UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEPHEN HARRINGTON

v.

UNITED STATES OF AMERICA

No. 3:08cv1864 (SRU)

**RULING ON MOTION FOR AMENDMENT OF CERTIFICATE OF APPEALABILITY**

On December 3, 2008, the petitioner, Stephen Harrington, filed a motion to vacate his sentence under 28 U.S.C. § 2255. On May 10, 2011, I denied Harrington's motion. On June 7, 2011, Harrington, filed a motion for certificate of appealability of the following issues: (1) that Harrington's attorney's failure to raise issues regarding the four Armed Career Criminal Act predicate offenses at his sentencing rendered his representation ineffective; (2) that his unlawful restraint conviction should not be included as a crime of violence; (3) that his drug sales conviction does not qualify as a predicate offense because Harrington pleaded under the *Alford* doctrine, and there is no evidence that can be used to determine the type of drug involved in the offense; (4) that *United States v. Begay* gives the petitioner a direct right to challenge his sentence because it is in excess of the maximum allowable by law; and (5) that the issues involved in this case regarding predicate offenses and the manner of determining their validity and effect was so novel in 2005 as to excuse the Harrington's attorney's failure to raise it either there or on appeal. I granted that motion. Harrington now seeks to amend his certificate of appealability to add the following issue: whether the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague.

When a district court has rejected a petitioner's habeas petition on the merits, as was done in this case, a certificate of appealability shall issue if the petitioner can "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Harrington did not raise the constitutional vagueness issue in his habeas petition and, accordingly, that claim is waived. *See Rosenberger v. United States*, 133 Fed. Appx. 799, 802, 2005 WL 1349526 (2d Cir. June 8, 2005) (citing *United States v. Triestman*, 178 F.3d 624, 633-34 (2d Cir. 1999); *Strouse v. Leonardo*, 928 F.2d 548, 552 (2d Cir. 1991)). Harrington's motion to amend the certificate of appealability, doc. 35, is **DENIED**.

It is so ordered.

Dated at Bridgeport, Connecticut, this 9th day of July 2012.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge